**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA BLOOMQUIST, | **No. C 09-01737 RS** |
| Plaintiff, | **ORDER GRANTING LEAVE TO SEEK RECONSIDERATION AND SETTING BRIEFING SCHEDULE** |
| v. | |
| WALGREENS CO., | |
| Defendant. | |
| _____/ | |

Pursuant to Civil Local Rule 7-9, defendant Walgreens requests leave to file a motion for reconsideration of the Court's order dated February 5, 2010, which largely denied Walgreens' motion for summary judgment. Although subsection (d) of Rule 7-9 does not require a response to requests for reconsideration, Bloomquist has filed written opposition.

As Bloomquist notes, reconsideration most often requires that new or different facts or law be presented. Walgreens' motion, however, relies on the provision of Rule 7-9 that also permits reconsideration where there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Specifically, Walgreens contends that the Court overlooked certain evidence when it concluded that, "Walgreens has not established, or even argued, that it *always* terminates employees when it concludes they have engaged in conduct

1

1   like that for which Bloomquist was terminated." This is significant because the Court's conclusion

2   that there was a triable issue as to pretext rested on the fact that severe, and apparently discretionary,

3   discipline had been imposed by a decision maker who allegedly had demonstrated discriminatory

4   animus. If instead it is the case that termination follows automatically in every instance where a

5   Walgreens employee is found to have committed theft, with no exercise of discretion by

6   management in the particular case, then the alleged discriminatory animus of Kidson would appear

7   to be immaterial to the discipline imposed.

8         Additionally, if Walgreens did present argument and evidence in the underlying motion

9   showing that termination for theft is automatic in every case, that would support reconsideration

10  under the provision of Rule 7-9 on which it relies.[1]   As noted, Walgreens contends the Court erred

11  in stating that it had neither "argued" nor "shown" that it always terminates employees in

12  Bloomquist's position.   In fact, nothing in Walgreens' briefing of the underlying motion expressly

13  made such an argument, and some of the language at least implied the contrary.  See opening brief

14  at 11:15-16 ("actions that violate company policy and that *can* result in immediate termination");

15  13:11-13 (describing decision by "senior management" to terminate as if made on the specific facts

16  of Bloomquist circumstances, rather than as automatic upon finding of theft).   Certainly at no point

17  in the briefing did Walgreens articulate any contention that Kidson's purported animus was

18  irrelevant once there was a finding of theft, because there was no decision left to be made as to the

19  punishment.

20        Walgreens' motion for leave to seek reconsideration points to three deposition excerpts

21  submitted with the underlying motion to support its contention that termination is the automatic

22  consequence for theft.  Hope Gutierrez, a non-managerial employee testified to her understanding

23  that any theft would result in "an automatic fire." Kris Fang, another employee, similarly testified

24  that an employee caught stealing would "get fired/terminated." Finally, employee Julissa Carucci

25

---

[1]  Walgreens also argues that reconsideration is appropriate because, in its view, the Court
misapplied the *McDonnell-Douglas* framework when analyzing whether plaintiff has shown a
triable issue of fact as to pretext. Walgreens' arguments in this regard represent a disagreement with
the Court's analysis and conclusions, but do not rise to a level that would support reconsideration.

2

United States District Court

For the Northern District of California

1  testified that an employee caught stealing "should be terminated," but when asked if that always

2  happens, she suggested the question would have to be posed to someone in the Loss Prevention

3  Department. Accordingly, while there was evidence that at least some non-managerial employees

4  believe that theft always results in termination, it is not clear those witnesses had sufficient personal

5  knowledge to establish as a matter of undisputed fact that Walgreens consistently and automatically

6  imposes termination as the consequence for employee theft.

7      Accordingly, were the record to stand at this point, there likely would be an insufficient basis

8  to permit the reconsideration process to go forward. The Court cannot simply ignore, however, the

9  fact that the parties appear to be in *agreement* that termination is *always* the consequence when a

10  Walgreens employee is found to have consumed an item taken from the store without ever paying

11  for it.[2] In no uncertain terms, Bloomquist's opposition to the request for leave to seek

12  reconsideration states, "If she had stolen something from the store, plaintiff concedes that she would

13  be subject to termination." Bloomquist goes on to argue that if she had only committed the lesser

14  infraction (in her view) of consuming store goods prior to paying for them, then she would have

15  been subjected only to "the progressive discipline policy." By arguing that she would have been

16  entitled to a lesser punishment had she not been "wrongfully accused of theft," Bloomquist only

17  further confirms her understanding that termination was the automatic and unavoidable consequence

18  of theft.

19      Bloomquist does not, of course, concede that she was properly terminated. Her entire

20  argument, though, rests on the premise that a full and fair investigation would have uncovered the

21  "truth" that she did not take the V8 in question from the store shelves, at least not on the day in

22  question. As the Court's February 5th order explained in some detail, however, even assuming

23  Bloomquist should now be permitted to change the story she consistently told at the time of the

24
25  [2] The parties continue to dispute what conduct Bloomquist should have known was encompassed
    within the term "grazing," and what the consequences to her could or should have been for her
    admission that she opened and used certain items prior to paying for them. For purposes of the
26  summary judgment motion at least, Walgreens is willing to rely solely on the conclusion it reached
    that Bloomquist had consumed a V8 drink taken from store shelves without *ever* paying for it, as the
27  only basis for her termination. Accordingly, the disputes regarding "grazing" are not material.

28

3

underlying events, in her complaint, and at her deposition, nothing she has presented is sufficient to create a triable issue of fact as to Walgreens' reasonable belief that she had consumed a V8 taken from the store shelves without ever paying for it.[3]

Under these circumstances, it is appropriate to permit Walgreens to seek reconsideration. Within ten days of the date of this order, Walgreens may file any additional briefing or supporting materials it wishes the Court to consider on the merits of the motion for reconsideration.[4] Within ten days thereafter, plaintiff may file any additional opposition she may have. Absent further order, the matter will then be submitted for decision without oral argument.

IT IS SO ORDERED.

Dated: 03/08/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] The Court has reviewed in some detail the security camera footage on which Bloomquist relies. If the footage had plainly shown Bloomquist entering the store with a V8 in hand, then *perhaps* it would have been incumbent on the investigator to ask if she had mistakenly admitted taking it from the store shelves. Even then, it would not necessarily have been unreasonable for the investigator to assume that Bloomquist's forthright and volunteered admission that she took and consumed a V8 beverage prior to paying for it referred to a bottle other than the one she appears to be drinking in the footage. In any event, the security cameras captured no clear evidence that would have immediately and necessarily put anyone on notice to question the accuracy of Bloomquist's admission. By her own argument, to conclude Bloomquist brought a beverage into the store requires comparing grainy and indistinct scenes from separate security cameras, calculating the elapsed time, and drawing an inference that she could not have obtained the beverage from the store's shelves in the available time.

[4] As noted above, the Court does not intend to revisit its prior application of the *McDonnell-Douglas* framework. Leave to seek reconsideration is granted solely on the question of whether termination for theft is automatically and uniformly applied at Walgreens, and if so, whether that precludes the existence of a triable issue of fact as to pretext.

4