**\*E-Filed 03/08/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA BLOOMQUIST,<br><br>        Plaintiff,<br>v.<br><br>WALGREENS CO.,<br><br>        Defendant.<br>_____/ | **No. C 09-01737 RS**<br><br>**ORDER GRANTING LEAVE TO SEEK RECONSIDERATION AND SETTING BRIEFING SCHEDULE** |

Pursuant to Civil Local Rule 7-9, defendant Walgreens requests leave to file a motion for reconsideration of the Court's order dated February 5, 2010, which largely denied Walgreens' motion for summary judgment. Although subsection (d) of Rule 7-9 does not require a response to requests for reconsideration, Bloomquist has filed written opposition.

As Bloomquist notes, reconsideration most often requires that new or different facts or law be presented. Walgreens' motion, however, relies on the provision of Rule 7-9 that also permits reconsideration where there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Specifically, Walgreens contends that the Court overlooked certain evidence when it concluded that, "Walgreens has not established, or even argued, that it *always* terminates employees when it concludes they have engaged in conduct

1

like that for which Bloomquist was terminated." This is significant because the Court's conclusion that there was a triable issue as to pretext rested on the fact that severe, and apparently discretionary, discipline had been imposed by a decision maker who allegedly had demonstrated discriminatory animus. If instead it is the case that termination follows automatically in every instance where a Walgreens employee is found to have committed theft, with no exercise of discretion by management in the particular case, then the alleged discriminatory animus of Kidson would appear to be immaterial to the discipline imposed.

Additionally, if Walgreens did present argument and evidence in the underlying motion showing that termination for theft is automatic in every case, that would support reconsideration under the provision of Rule 7-9 on which it relies.[1] As noted, Walgreens contends the Court erred in stating that it had neither "argued" nor "shown" that it always terminates employees in Bloomquist's position. In fact, nothing in Walgreens' briefing of the underlying motion expressly made such an argument, and some of the language at least implied the contrary. See opening brief at 11:15-16 ("actions that violate company policy and that *can* result in immediate termination"); 13:11-13 (describing decision by "senior management" to terminate as if made on the specific facts of Bloomquist circumstances, rather than as automatic upon finding of theft). Certainly at no point in the briefing did Walgreens articulate any contention that Kidson's purported animus was irrelevant once there was a finding of theft, because there was no decision left to be made as to the punishment.

Walgreens' motion for leave to seek reconsideration points to three deposition excerpts submitted with the underlying motion to support its contention that termination is the automatic consequence for theft. Hope Gutierrez, a non-managerial employee testified to her understanding that any theft would result in "an automatic fire." Kris Fang, another employee, similarly testified that an employee caught stealing would "get fired/terminated." Finally, employee Julissa Carucci

---

[1] Walgreens also argues that reconsideration is appropriate because, in its view, the Court misapplied the *McDonnell-Douglas* framework when analyzing whether plaintiff has shown a triable issue of fact as to pretext. Walgreens' arguments in this regard represent a disagreement with the Court's analysis and conclusions, but do not rise to a level that would support reconsideration.

1 testified that an employee caught stealing "should be terminated," but when asked if that always
2 happens, she suggested the question would have to be posed to someone in the Loss Prevention
3 Department. Accordingly, while there was evidence that at least some non-managerial employees
4 believe that theft always results in termination, it is not clear those witnesses had sufficient personal
5 knowledge to establish as a matter of undisputed fact that Walgreens consistently and automatically
6 imposes termination as the consequence for employee theft.

7 Accordingly, were the record to stand at this point, there likely would be an insufficient basis
8 to permit the reconsideration process to go forward. The Court cannot simply ignore, however, the
9 fact that the parties appear to be in *agreement* that termination is *always* the consequence when a
10 Walgreens employee is found to have consumed an item taken from the store without ever paying
11 for it.[2] In no uncertain terms, Bloomquist's opposition to the request for leave to seek
12 reconsideration states, "If she had stolen something from the store, plaintiff concedes that she would
13 be subject to termination." Bloomquist goes on to argue that if she had only committed the lesser
14 infraction (in her view) of consuming store goods prior to paying for them, then she would have
15 been subjected only to "the progressive discipline policy." By arguing that she would have been
16 entitled to a lesser punishment had she not been "wrongfully accused of theft," Bloomquist only
17 further confirms her understanding that termination was the automatic and unavoidable consequence
18 of theft.

19 Bloomquist does not, of course, concede that she was properly terminated. Her entire
20 argument, though, rests on the premise that a full and fair investigation would have uncovered the
21 "truth" that she did not take the V8 in question from the store shelves, at least not on the day in
22 question. As the Court's February 5th order explained in some detail, however, even assuming
23 Bloomquist should now be permitted to change the story she consistently told at the time of the

---

[2] The parties continue to dispute what conduct Bloomquist should have known was encompassed within the term "grazing," and what the consequences to her could or should have been for her admission that she opened and used certain items prior to paying for them. For purposes of the summary judgment motion at least, Walgreens is willing to rely solely on the conclusion it reached that Bloomquist had consumed a V8 drink taken from store shelves without *ever* paying for it, as the only basis for her termination. Accordingly, the disputes regarding "grazing" are not material.

3

No. C 09-01737 RS
ORDER GRANTING LEAVE TO SEEK RECONSIDERATION AND SETTING BRIEFING SCHEDULE

underlying events, in her complaint, and at her deposition, nothing she has presented is sufficient to create a triable issue of fact as to Walgreens' reasonable belief that she had consumed a V8 taken from the store shelves without ever paying for it.[3]

Under these circumstances, it is appropriate to permit Walgreens to seek reconsideration. Within ten days of the date of this order, Walgreens may file any additional briefing or supporting materials it wishes the Court to consider on the merits of the motion for reconsideration.[4] Within ten days thereafter, plaintiff may file any additional opposition she may have. Absent further order, the matter will then be submitted for decision without oral argument.

IT IS SO ORDERED.

Dated: 03/08/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] The Court has reviewed in some detail the security camera footage on which Bloomquist relies. If the footage had plainly shown Bloomquist entering the store with a V8 in hand, then *perhaps* it would have been incumbent on the investigator to ask if she had mistakenly admitted taking it from the store shelves. Even then, it would not necessarily have been unreasonable for the investigator to assume that Bloomquist's forthright and volunteered admission that she took and consumed a V8 beverage prior to paying for it referred to a bottle other than the one she appears to be drinking in the footage. In any event, the security cameras captured no clear evidence that would have immediately and necessarily put anyone on notice to question the accuracy of Bloomquist's admission. By her own argument, to conclude Bloomquist brought a beverage into the store requires comparing grainy and indistinct scenes from separate security cameras, calculating the elapsed time, and drawing an inference that she could not have obtained the beverage from the store's shelves in the available time.

[4] As noted above, the Court does not intend to revisit its prior application of the *McDonnell-Douglas* framework. Leave to seek reconsideration is granted solely on the question of whether termination for theft is automatically and uniformly applied at Walgreens, and if so, whether that precludes the existence of a triable issue of fact as to pretext.