*E-Filed 4/23/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TERESA BLOOMQUIST,

        Plaintiff,

v.

WALGREENS CO.,

        Defendant.
_____/

**No. C  09-01737 RS**

**ORDER GRANTING RECONSIDERATION AND GRANTING SUMMARY JUDGMENT**

This Court initially found triable issues of fact precluded granting defendant's motion for summary judgment.[1] In particular, the Court identified as such a dispute, the question of whether plaintiff's manager, Dan Kidson, who participated in the decision to terminate plaintiff's employment held discriminatory animus. On the assumption that plaintiff could have been subject to some lesser form of discipline given the nature of the offense, the Court concluded a reasonable trier of fact could find that Kidson's purported discriminatory animus contributed to plaintiff's firing.

---

[1] The facts of this action are set out in the Court's order entered on February 5, 2010, and will not be repeated here.

Defendant sought reconsideration, contending it had shown that under its policies and practices, termination of employment is an automatic and non-discretionary consequence of employee theft, such that any discriminatory animus on the part of Kidson would be immaterial. Having been given the opportunity to brief the question further, plaintiff has pointed to no triable issue of fact that termination of her employment was other than an automatic consequence flowing from the conclusion that she had committed employee theft, no matter how minor. Plaintiff has not even argued to the contrary. Instead, plaintiff argues that the investigation into her conduct was flawed, and that as a result of his discriminatory animus, Kidson rubber-stamped the conclusions of the investigator rather than conducting a sufficient review to ensure that the investigator had reached a correct conclusion.

Plaintiff has never suggested there was any discriminatory animus on the part of the person who first reported her alleged "grazing" conduct. Plaintiff does not contend that it was inappropriate for Kidson to refer that report to Debbie Schenkhuizen, a Walgreens Loss Prevention Supervisor, whatever animus he may have otherwise held. Plaintiff does not argue, and the record does not show, that there was any discriminatory animus on the part of Schenkhuizen. As noted in the original order on the motion for summary judgment, plaintiff consistently admitted that she had taken the V8 beverage from store shelves, (1) during the course of Schenkhuizen's investigation, (2) at the time of her termination, (3) in the allegations of the complaint herein, and (4) during her deposition.

Although plaintiff now contends that her repeated admission was mistaken and that careful review of store security camera footage "proves" her innocence, she has not shown there is a material issue of disputed fact. It simply was not incumbent on Schenkhuizen to attempt to uncover evidence that plaintiff's admission was incorrect. Therefore, whatever responsibilities Kidson may have had to review the accuracy of Schenkhuizen's findings, he likewise was not obliged to distrust plaintiff's admission.[2]

---

[2] As noted in the Order entered March 8, 2010 granting leave to seek reconsideration, review of the security video would not immediately and necessarily put anyone on notice that Bloomquist's admission might have been mistaken.

1  There is no dispute that it was proper for defendant to terminate plaintiff upon concluding
2  she had engaged in an act of employee theft.  Plaintiff admitted taking the V8 beverage from store
3  shelves and consuming it.  She could not produce a receipt and an investigation found no evidence
4  that she had paid for it.  On this record, any discriminatory animus on Kidson's part cannot be said
5  to have contributed to plaintiff's loss of her job, and no reasonable trier of fact could conclude
6  otherwise.  The motion for reconsideration is granted.  Summary judgment is granted.  A separate
7  judgment will be entered.

IT IS SO ORDERED.

Dated: 04/23/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE